**IT IS ORDERED as set forth below:**

**Date: September 17, 2026**

**James R. Sacca**
**U.S. Bankruptcy Court Judge**

**Signed as Revised by the Court**

---

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 26-59169-JRS |
| **SA RE AMI EL** | : | CHAPTER 13 |
| Debtor. | : | |
| ------------------------------------------------------------ | : | Judge Sacca |
| 820 W MARIETTA OWNER, LLC<br>d/b/a PORTER WESTSIDE, | : | |
| Movant, | : | |
| v. | : | **CONTESTED MATTER** |
| SA RE AMI EL,<br>Debtor | : | |
| NANCY J. WHALEY, Chapter 13 Trustee, | : | |
| Respondents. | : | |

**ORDER MODIFYING STAY**

This matter arose upon the *Motion to Lift Stay by Reason of Default*, filed September 15, 2026, by 820 W Marietta Owner, LLC d/b/a Porter Westside, regarding delinquent lease payments for the premises located at 820 West Marietta St NW, Apt 1409 Atlanta, GA 30318

(the "Property"), which Movant contends it served on all parties in interest (the "Delinquency Motion"). The Court entered the *Order* on August 6, 2026 (Doc. No. 25), which required Debtor to make certain payments to Movant in strict compliance with the lease agreement (the "Order"). The Order also provided that the Court may modify the stay to allow Movant to commence or continue dispossessory proceedings against the Property upon Movant's filing of the Delinquency Motion which alleges that Debtor is in default of the Order, accompanied by an affidavit from Movant, setting forth the specific facts of the default.

Movant's affidavit shows that Debtor is in default of the Order due to his failure to pay $2,879.07 by the close of business on September 10, 2026. Debtor filed a response, but admitted he was in default and could not cure the default until October 1, 2026. This the Debtor' second recent case. The first case, No. 26-56970, was filed on May 28, 2026, in large part to stay an eviction proceeding by Movant. That case was dismissed about three weeks later on June 22,2026. Because of that and all other matters of record in this case and the prior case, the Order on the Debtor' motion to extend stay contained strict compliance language to protect the Movant. Because the Debtor is in default of the Order and as Debtor was required to remain in strict compliance,

**IT IS HEREBY ORDERED** that the Motion is ***granted,*** the automatic stay of 11 U.S.C. § 362 is modified to the extent necessary for Movant to commence and/or complete dispossessory proceedings against Debtor pursuant to applicable state law and to assert any and all of its respective rights under applicable state law as to the Property, subject to any defenses the Debtor has to such an action other than the applicability of the automatic stay.

END OF DOCUMENT]

**Order Presented By:**

/s/ Christopher R. Yarbrough
Christopher R. Yarbrough
Georgia Bar No. 339339
Attorney for Movant

**Fowler, Hein Cheatwood & Williams, P.A.**
2970 Clairmont Road, Suite 220
Atlanta, GA 30329
404-633-5114 Telephone
404-325-9721 Facsimile
cyarbrough@apartmentlaw.com
Attorney for Movant

**DISTRIBUTION LIST**

Sa Re Ami El
820 West Marietta Street NW
Apt. 1409
Atlanta, GA 30318

Eric W. Roach
**Nancy J. Whaley**
Standing Chapter 13 Trustee
303 Peachtree Center Ave.
Suite 120
Atlanta, GA 30303

Christopher R. Yarbrough
**Fowler, Hein, Cheatwood & Williams, P.A.**
2970 Clairmont Road
Suite 220
Atlanta, GA  30329